# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WINTON NUNEZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>B. KEARNES, et al.,<br><br>　　　　Defendants. | Case No. 1:13-cv-01861 LJO DLB PC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION WITHOUT PREJUDICE FOR FAIULURE TO PROSECUTE<br><br>**FOURTEEN-DAY OBJECTION PERIOD** |

Plaintiff, a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 16, 2013. The action was transferred to this Court on November 18, 2013.

On November 21, 2013, the Court ordered Plaintiff to either pay the $400.00 filing fee in full or file an application to proceed in forma pauperis.

On December 3, 2013, the order was returned to the Court by the United States Postal Service with a notation "undeliverable, paroled."

Plaintiff has not notified the Court of his change of address or otherwise communicated with the Court.

## **DISCUSSION**

Plaintiff is required to keep the Court apprised of his current address at all times, and Local Rule 183(b) provides, "If mail directed to a plaintiff *in propria persona* by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within

1

sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute." Federal Rule of Civil Procedure 41(b) also provides for dismissal of an action for failure to prosecute.[1]

"In determining whether to dismiss an action for lack of prosecution, the district court is required to consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks and citation omitted); *accord Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010); *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. *In re PPA*, 460 F.3d at 1226 (citation omitted).

This case has been pending since July 2013, and the expeditious resolution of litigation and the Court's need to manage its docket weigh in favor of dismissal. *Id.* at 1227. Further, Defendants are necessarily prejudiced when they cannot defend an action. *Id.*

With respect to the fourth factor, "public policy favoring disposition of cases on their merits strongly counsels against dismissal," but "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *Id.* at 1228.

Finally, given the Court's inability to communicate with Plaintiff, there are no other reasonable alternatives available to address Plaintiff's failure to prosecute. *In re PPA,* 460 F.3d at 1228-29; *Carey*, 856 F.2d at 1441.

The Court also notes that a civil action may not proceed absent the submission of either the filing fee or a completed application to proceed in forma pauperis. 28 U.S.C. §§ 1914, 1915. Based on Plaintiff's failure to comply with the Court's order, dismissal of this action is appropriate. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006); Local Rule 110.

---

[1] Courts may dismiss actions sua sponte under Rule 41(b) based on the plaintiff's failure to prosecute. *Hells Canyon Preservation Council v. U. S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (citation omitted).

# **RECOMMENDATION**

For these reasons, the Court RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14)** days after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **February 14, 2014**         /s/ Dennis L. Beck
                                                            UNITED STATES MAGISTRATE JUDGE